In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Phillips, Ct. Atty. Ref.), dated August 21, 2013, which, after a hearing, denied his motion for the issuance of an order, inter alia, making special findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and, in effect, dismissed the petition.
Ordered that the order is affirmed, without costs or disbursements.
In June 2013, the father filed a petition pursuant to Family Court Act article 6 for custody of his son (hereinafter the child), who was under 21 years old, for the purpose of obtaining an order declaring that the child has been legally committed to, or placed under the custody of, an individual appointed by a state family or juvenile court, that reunification with one or both of his parents is not viable due to abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the father moved for the issuance of an order making the requisite declaration and specific findings to enable the child to *1009 petition for special immigrant juvenile status. In an order dated August 21, 2013, made after a hearing, the Family Court denied the motion and, in effect, dismissed the custody petition.
Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a “special immigrant” is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a State family or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile’s parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile’s best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Upon our independent factual review, we find that, contrary to the father’s contention, the record does not support a determination that the child’s reunification with one or both of his parents was not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see Matter of Maria S.Z. v Maria M.A., 115 AD3d 970 [2014]; Matter of Nirmal S. v Rajinder K., 101 AD3d 1130 [2012]).
The father’s remaining contentions either need not be addressed in light of our determination, are without merit, or are not properly before this Court.
Skelos, J.P, Lott, Roman and LaSalle, JJ., concur.