■ In the Matter of CHARLES McGOUGH, Appellant, v SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [701 NYS2d 149] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered June 9, 1998, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of his child.

On February 11, 1992, Wanda Drummond gave birth to a child named on the birth certificate as Rashawn Lammar Drummond. Petitioner, 62 years old at the time, was not listed as the father on the birth certificate and did not live with Drummond at the time of the birth. On July 15, 1993, the birth certificate was amended, listing petitioner as the father and renaming the child Rashawn Charles McGough.

Petitioner contended that he held himself out to be the child's father from the time of birth as evidenced by his application and ultimate procurement of Social Security and Veteran's

benefits for the child.* Petitioner claimed to spend much time with the child and Drummond until September 16, 1993, when the child was removed by respondent and placed in foster care upon allegations of neglect against Drummond. After Drummond admitted to the charges alleged in an abuse/neglect petition, the child was adjudicated to be a neglected child and placed in respondent's custody. Extensions of placement in both March 1994 and March 1995 were granted. Throughout such time, Drummond had visitation with the child and petitioner alleged that he would drive her to visitation and simply view the child from a distance. Petitioner admitted to being aware of all the proceedings involving this child, including Drummond's loss of custody.

Respondent contended that it was not until March 1995 that Drummond revealed petitioner to be the child's father. A caseworker immediately met with him and informed him of the steps he needed to undertake to establish paternity and obtain visitation rights. At that meeting, it is alleged that petitioner expressed no interest in establishing such rights, with his position remaining consistent at the follow-up meeting scheduled for reconsideration. No further contact by either party was made.

On November 11, 1995, respondent filed a permanent neglect petition against Drummond, without giving notice to petitioner, and the child was ultimately adjudicated to be permanently neglected, with guardianship and custody to respondent as of April 25, 1996. While Drummond's appeal of that determination was pending, she died. After continuing reviews and extensions of the original foster care placement, a petition for adoption was filed on or about March 17, 1997, prompting petitioner to file a petition for visitation, ultimately converted to a petition for custody brought on by a writ of habeas corpus. The preadoptive foster parents sought intervenor status in that proceeding and the adoption proceeding was stayed.

As a result of respondent's motion to dismiss the writ, a blood test was ordered and petitioner thereafter filed a paternity petition. On September 9, 1997, Family Court entered an order of filiation based upon the test results. The court then commenced an evidentiary trial to determine custody. During the course thereof, psychological evaluations of petitioner and the child were ordered and, at the conclusion of all testimony, Family Court determined that extraordinary

---

* It is alleged that the birth certificate was amended to properly secure Veteran's benefits.

circumstances existed warranting custody of the child to remain with respondent. Upon the dismissal of petitioner's application for custody, this appeal ensued.

During the pendency of this appeal, petitioner died. As the issue of paternity had already been decided (see, Matter of S. B., 165 Misc 2d 632, 635), and what remained was a challenge to Family Court's denial of custody to petitioner—an equitable claim personal in nature—the death of petitioner rendered the appeal moot (see, Hoff v Dugan, 266 App Div 790; see also, Siegel, NY Prac § 185, at 278-279 [2d ed]).

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

