■ In the Matter of ELIVERTA FIFO, Appellant, v ISMAIL FIFO, Respondent. JONI FIFO et al., Nonparty Appellants. [6 NYS3d 562]—

Appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated July 29, 2013. The order denied the motion of the subject children for the issuance of an order declaring that each of them is dependent on the Family Court and making specific findings that each of them is unmarried and under 21 years of age, that reunification with one or both of their parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in each of their best interests to be returned to their previous country of nationality or last habitual residence, so as to enable each of them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the appeal by the mother is dismissed, without costs or disbursements, as she is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed on the appeal by the subject children, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for the making of specific findings as to whether it would not be in the best interests of each of the children to be returned to Albania, and, thereafter, for a new determination of the children's motion consistent herewith.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court (see Matter of Mohamed B., 83 AD3d 829, 831 [2011]). For purposes of qualification for "special immigrant juvenile status" pursuant to 8 USC § 1101 (a) (27) (J), "[a] child becomes dependent upon a juvenile court when the court accepts jurisdiction over the custody of that child, irrespective of whether the child has been placed in foster care or a guardianship situation" (Matter of Hei Ting C., 109 AD3d 100, 106 [2013]). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010] [citations omitted]).

In this family offense proceeding, the petitioner, the mother of the subject children (hereinafter the mother), filed a petition seeking an order of protection against the father, alleging that the father had committed certain family offenses against her and the children. The Family Court issued a temporary order of protection directing the father, inter alia, to stay away from the mother and the children. Thereafter, the children moved for the issuance of an order declaring that each of them is dependent on the Family Court, and making specific findings that each of them is unmarried and under 21 years of age, that reunification with their father is not viable due to neglect, and that it would not be in each of their best interests to be returned to Albania, their previous country of nationality and last habitual residence. If the court were to grant their motion, each of the children intended to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS). In the order appealed from, dated July 29, 2013, the Family Court denied the children's motion.

Contrary to the Family Court's determination, in support of their motion, the children established that they were dependent upon a juvenile court. While guardianship, adoption, and custody are not directly or presently at issue in this family offense proceeding (see generally Matter of Hei Ting C., 109 AD3d at 106), under the particular circumstances of this case, the children have become dependent upon the Family Court. The children's mother has filed a family offense petition against the father seeking an order of protection, alleging that the father has assaulted her and the children. In their motion, the children claimed that they have been neglected by the father based on allegations including physical, mental, and verbal abuse. After conducting an investigation, the Administration for Children's Services concluded that certain of these allegations were substantiated. On May 6, 2013, shortly after the children made their motion, the Family Court issued an order of protection, effective for two years, directing the father, inter alia, to stay away from the mother and the children.

While a family offense proceeding, or the mere issuance of an order of protection, will not always give rise to a determination that a child has become dependent upon a juvenile court, based on the particular circumstances of this case, we conclude that such a determination is warranted here. As we have previously observed, the intended beneficiaries of the SIJS provisions of the Immigration and Nationality Act are limited to " 'those juveniles for whom it was created, namely abandoned,

neglected, or abused children' " (*Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 108 [2013], quoting HR Rep 105-405, 105th Cong, 1st Sess at 130, reprinted in 1997 US Code Cong & Admin News at 2941, 2954; *see Matter of Hei Ting C.*, 109 AD3d at 103; *Yeboah v United States Dept. of Justice*, 345 F3d 216, 222 [3d Cir 2003]). Thus, while, for example, a child support proceeding will not give rise to a determination that a child has become dependent upon a juvenile court (*see Matter of Hei Ting C.*, 109 AD3d 100 [2013]), under the proper circumstances, a child involved in a family offense proceeding involving allegations of abuse or neglect may properly be the subject of such a determination as an intended beneficiary of the SIJS provisions.

Here, the Family Court did not make specific findings as to whether reunification with one or both of the parents was not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and whether it would not be in each of the children's best interests to be returned to Albania (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795). Of course, in reviewing motions such as the children's motion here, "[t]his Court's power to review the evidence is as broad as that of the hearing court, and where . . . the record is sufficiently complete to make our own factual determinations, we may do so" (*Matter of Luis R. v Maria Elena G.*, 120 AD3d 581, 582 [2014]). Upon our independent factual review, we conclude that the record here is sufficient to establish that reunification of the children with the father is not viable. While the Family Court, in the order appealed from, referred to the fact that the children live with the mother, "the fact that a child has one fit parent available to care for him or her 'does not, by itself, preclude the issuance of special findings under the SIJS statute' " (*Matter of Marisol N.H.*, 115 AD3d 185, 190-191 [2014], quoting *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 111). "Rather, a child may be eligible for SIJS findings 'where reunification with just one parent is not viable as a result of abuse, neglect, abandonment, or a similar state law basis' " (*Matter of Marisol N.H.*, 115 AD3d at 191, quoting *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d at 110).

However, the record is insufficient for us to make specific findings as to whether it would not be in the best interests of each of the children to be returned to Albania. Accordingly, we reverse the order and remit the matter to the Family Court, Kings County, for the making of specific findings as to whether it would not be in the best interests of each of the children to be returned to Albania, and, thereafter, for a new determina-

tion of the children's motion consistent herewith. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.