■ In the Matter of IRIS MARINA MELENDEZ ARGUETA, Appellant, v JUAN ALBERTO RUIZ, Respondent. [7 NYS3d 606]—

Appeal from an order of the Family Court, Suffolk County (Colleen M. Fondulis, Ct. Atty. Ref.), dated June 24, 2014. The order, without a hearing, denied the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In November 2013, the mother filed a petition pursuant to Family Court Act article 6 for sole custody of her child, Ronaldi M.R.F. (hereinafter the child), for the purpose of obtaining an order, inter alia, making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the mother moved for the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SIJS. In an order dated June 24, 2014, the Family Court awarded the mother sole custody of the child, with parenting time to the father, upon the parties' consent. In the order appealed from, also dated June 24, 2014, the Family Court denied the mother's motion for the issuance of an order, inter alia, making specific findings to enable the child to petition for SIJS.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. "Additionally, for a juve-

nile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010] [citations omitted]).

Contrary to the mother's contention, the record does not support a determination that the child's reunification with one or both of his parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see Matter of Maria S.Z. v Maria M.A.*, 115 AD3d 970 [2014]). Accordingly, the Family Court properly denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.