■ In the Matter of CHARLE C.E., Also Known as CHARLES E. HEART SHARE HUMAN SERVICES OF NEW YORK, Respondent; CHIEDU E. et al., Appellants. [10 NYS3d 322]—

Appeal from an order of disposition of the Family Court, Queens County (Barbara Salinitro, J.), dated June 12, 2013. The order, insofar as appealed from, after a hearing, denied the father's petition for custody, terminated the parental rights of the mother and the father, and transferred custody and guardianship of the child to Heart Share Human Services of New York for the purpose of adoption.

Ordered that the father's appeal is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the mother's appeal from so much of order as terminated the father's parental rights is dismissed as academic and on the ground that she is not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as reviewed on the mother's appeal, without costs or disbursements.

A party's application for custody of a child is "an equitable claim personal in nature" (*Matter of McGough v Schenectady County Dept. of Social Servs.*, 267 AD2d 721, 723 [1999]). Because the father died during the pendency of this appeal, his appeal from so much of the order as terminated his parental rights and freed the subject child for adoption abated and the issues were rendered academic (*see Matter of Paesch v Paesch*, 70 NY2d 723 [1987]).

The mother's appeal from so much of the order as terminated the father's parental rights is also academic for the reasons

stated above and, in any case, she was not aggrieved thereby (*see Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]; *Unitrin Advantage Ins. Co. v Duclaire*, 49 AD3d 863 [2008]; *see also Scopelliti v Town of New Castle*, 92 NY2d 944 [1998]; *Day v Syosset Cent. Sch. Dist.*, 105 AD3d 888, 888-889 [2013]).

The Family Court properly found that the best interests of the subject child would be served by terminating the mother's parental rights and freeing the child for adoption. The child, who is autistic and has a variety of other special needs, has bonded with his foster family, with whom he had lived for approximately 10 years at the time of the dispositional hearing. In addition, the foster mother was dedicated to developing the child's life skills, responding appropriately to his behavior and his sensory sensitivities, and in planning ways to help him reach his full potential. In contrast, the mother has not parented the child since he was an infant, nor has she expressed any interest in doing so. Under these circumstances, termination of the mother's parental rights freeing the child for adoption by his foster mother serves the child's best interests (*see Matter of Emily Jane Star R. [Evelyn R.]*, 117 AD3d 646, 647-648 [2014]; *Matter of Christina Ann B. [Charles P.]*, 114 AD3d 407, 408 [2014]; *Matter of Adam L. [Marie L.-K.]*, 97 AD3d 581, 582 [2012]; *see also Matter of Angelina Jessie Pierre L. [Anne Elizabeth Pierre L.]*, 114 AD3d 471, 472 [2014]; *Matter of Deime Zechariah Luke M. [Sharon Tiffany M.]*, 112 AD3d 535, 536 [2013]; *Matter of Ilyas Zaire A.-R. [Habiba A.-R.]*, 104 AD3d 512, 513 [2013]). Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.