■ In the Matter of JEISON P.-C. CONCEPTION P., Appellant.
[19 NYS3d 66]—

Appeal from an order of the Family Court, Queens County (Nicolette M. Pach, J.H.O.), dated December 10, 2014. The order, after a hearing, in effect, denied that branch of the petitioner's motion which was for a specific finding that reunification of the subject juvenile with one or both of his parents was not viable due to parental abuse, neglect, or abandonment.

Ordered that the order is affirmed, without costs or disbursements.

The subject juvenile, Jeison P.C., was born in Guatemala and lived with his parents in that country until the age of 17. In March 2012, Jeison left his family and came to the United States, where he began residing with his cousin, the petitioner Conception P., in Queens. In April 2014, when Jeison was 19 years old, the petitioner filed a petition pursuant to Family Court Act article 6 seeking to be appointed Jeison's guardian. The petitioner subsequently moved for the issuance of an order making the findings necessary to enable Jeison to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The petitioner's motion sought specific findings that Jeison

was under 21 years of age and unmarried, that he was dependent upon the Family Court, that reunification with one or both of his parents was not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interests to be returned to Guatemala. In an affidavit submitted in support of the motion, Jeison averred that his family lived in poverty, and that he made the decision to come to the United States both to escape gang violence, and because his parents did not have money to send him to college. After a hearing, the Family Court, in effect, denied that branch of the petitioner's motion which was for a specific finding that reunification with one or both of Jeison's parents was not viable due to parental neglect, abuse, or abandonment, concluding that "the inability financially to care for a child does not constitute those things."

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a State or juvenile court. Additionally, for a juvenile immigrant to qualify for special juvenile immigrant status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, or abandonment, or a similar basis found under State law (*see* 8 USC § 1101 [a] [27] [J] [i]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; *Matter of Haide L.G.M. v Santo D.S.M.*, 130 AD3d 734 [2015]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 109 [2013]).

Here, the record reflects that Jeison was living with both of his parents in Guatemala until March 2012, when, with their consent, he traveled to the United States to escape gang violence and pursue his studies. After his arrival in the United States, Jeison began to reside with the petitioner, who provided him with food, clothing, and shelter, and Jesion remained in frequent contact with his parents. The inability of Jeison's parents, who live in poverty, to provide him with a college education, or with financial assistance, does not support a finding that his reunification with his parents was not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see* Family Ct Act § 1012 [f] [i] [A]; [ii]; *Matter of Argueta v Ruiz*, 128 AD3d 689, 690 [2015]; *Matter of*

*Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858, 859 [2015]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d 892, 893 [2014]; *Matter of Maria S.Z. v Maria M.A.*, 115 AD3d 970, 971 [2014]). Eng, P.J., Chambers, Roman and Barros, JJ., concur.