■ In the Matter of LORENA L.Z.-C., Appellant. BRIAN M., Petitioner; WALTER C. et al., Respondents. [38 NYS3d 912]—

Appeal by Lorena L.Z.-C. from an order of the Family Court, Orange County (Carol S. Klein, J.), entered October 8, 2015. The order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child, Lorena L.Z.-C., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In January 2015, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of Lorena L.Z.-C. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental neglect or abandonment, and that it would not be in her best interests to be returned to Ecuador, her previous country of nationality and last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order entered October 8, 2015, the Family Court denied the motion. The child appeals.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthori-

zation Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Upon our independent factual review, we find that the record does not support a determination that the child's reunification with one or both of her parents was not viable due to parental neglect or abandonment (*see Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.]*, 136 AD3d 902 [2016]; *Matter of Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858, 859 [2015]).

Accordingly, the Family Court properly denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.