■ In the Matter of JOSUE M.A.P., Appellant. JOSE DIMAS COREAS MANCIA, Petitioner; ARACELI CAROLINA PEREZ LUE et al., Respondents. [38 NYS3d 819]—

Appeal by the child, Josue M.A.P., from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered August 11, 2015. The order, insofar as appealed from, without a hearing, granted that branch of the petitioner's motion which was for a specific finding that reunification of the subject child with one or both of his parents was not viable due to parental neglect or abandonment.

Ordered that the appeal is dismissed, without costs or disbursements, as the appellant is not aggrieved by the portion of the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156 [2010]).

In January 2015, the petitioner commenced this proceeding

pursuant to Family Court Act article 6 to be appointed guardian of Josue M.A.P. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making special findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J) (*see generally Matter of Blanca C.S.C. [Norma C.]*, 141 AD3d 580 [2016]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS (*see Matter of Blanca C.S.C. [Norma C.]*, 141 AD3d at 580). In an "order for special findings" entered August 11, 2015, the Family Court granted the motion and set forth the requisite findings.

The child, who is now 20 years old, appeals. His sole challenge relates to that branch of the petitioner's motion which sought a finding that reunification of the child with one or both of his parents was not viable due to parental neglect or abandonment. He argues that certain language in the order appealed from renders the order "useless for the purpose of seeking [SIJS]," and that the Family Court essentially failed to find that reunification with one or both of his parents was not viable due to neglect or abandonment. However, contrary to his contentions, the order specifically states that "reunification with one or both of his parents is not viable due to abandonment, abuse, and/or neglect." Thus, the child is not aggrieved and the appeal must be dismissed (*see Matter of Charle C.E. [Chiedu E.]*, 129 AD3d 721, 721-722 [2015]; *Mixon v TBV, Inc.*, 76 AD3d 144, 156 [2010]; *cf. Matter of Jeison P.-C. [Conception P.]*, 132 AD3d 876, 877 [2015]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d 892, 892 [2014]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.