In the Matter of SAUL E.B.M. et al., Appellants. [42 NYS3d 846]—

Appeal from an order of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref.), dated February 8, 2016. The order, after a hearing, granted the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the appeal is dismissed, without costs or disbursements, as the appellants are not aggrieved by the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]).

In December 2015, the subject child, Saul E.B.M., commenced this proceeding pursuant to Family Court Act article 6 to have his father appointed as his guardian, for the purpose of obtaining an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his mother is not viable due to parental neglect or abandonment, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant

juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition for SIJS. In the order appealed from, the Family Court granted the child's motion for the issuance of an order making the requisite declaration and specific findings, inter alia, that reunification with the child's mother is not viable due to parental abandonment and that it would not be in the best interests of the child to be returned to El Salvador.

Since the order appealed from granted the subject motion, the child is not aggrieved (*see Matter of Josue M.A.P. [Coreas Mancia—Perez Lue]*, 143 AD3d 827, 828 [2016]; *see also Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]). Moreover, the father is not aggrieved by the order (*see Matter of Fifo v Fifo*, 127 AD3d 748, 749 [2015]; *Mixon v TBV, Inc.*, 76 AD3d at 156-157). Accordingly, the appeal must be dismissed. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.