■ In the Matter of OSCAR J.L.J. SEGUNDO R.L.T., Appellant. [54 NYS3d 308]—

Appeal by the father from an order of the Family Court, Queens County (Nicolette M. Pach, J.H.O.), dated November 24, 2015. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child, Oscar J.L.J., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), which was for a finding that reunification of the child with one of his parents is not viable due to parental neglect, abandonment, or abuse.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 2014, the father of Oscar J.L.J. (hereinafter the child) filed a petition pursuant to Family Court Act article 6 to be appointed guardian of the child for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect, abandonment, or abuse, and that it would not be in his best interests to be returned to Ecuador, his previous country of nationality and country of last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the father moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition

for SIJS. In an order dated November 24, 2015, the Family Court granted the guardianship petition. In a separate order, also dated November 24, 2015, the court found that the child was under 21 years of age, unmarried, and dependent on the court, and that it would not be in his best interests to be returned to Ecuador. However, the court, in effect, denied that branch of the father's motion which was for a specific finding that reunification of the child with the mother was not viable due to parental neglect, abandonment, or abuse.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

Here, the record does not support a determination that the child's reunification with his mother is not viable due to parental neglect, abandonment, or abuse (see Matter of Blanca C.S.C. [Norma C.], 141 AD3d 580 [2016]; Matter of Malkeet S., 137 AD3d 799 [2016]; Matter of Jeison P.-C. [Conception P.], 132 AD3d 876 [2015]; Matter of Joseph A. [Fausat O.], 91 AD3d 638, 640 [2012]).

Accordingly, the Family Court properly, in effect, denied that branch of the father's motion which was for a specific finding that reunification of the child with one of his parents is not viable due to parental neglect, abandonment, or abuse. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.