Matter of Aliyah S.P. (Sabrina S.P.) (2018 NY Slip Op 07130)





Matter of Aliyah S.P. (Sabrina S.P.)


2018 NY Slip Op 07130


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-02128
 (Docket No. B-5353-15)

[*1]In the Matter of Aliyah S.P. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Sabrina S.P. (Anonymous), appellant.


Del Atwell, East Hampton, NY, for appellant.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Michael L. Rusilas of counsel), for respondent.
Michael J. O'Connor, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6, the mother appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Denise M. Watson, J.), dated January 24, 2018. The order of fact-finding and disposition, after a fact-finding and dispositional hearing, found that the mother failed to comply with the terms and conditions of an order of suspended judgment of the same court dated April 13, 2017, revoked the suspended judgment, terminated the mother's parental rights, and freed the subject child for adoption.
ORDERED that the order of fact-finding and disposition dated January 24, 2018, is affirmed, without costs or disbursements.
In April 2017, the mother admitted that she permanently neglected the subject child, and an order of suspended judgment was entered against her. The petitioner subsequently alleged that the mother had violated multiple conditions of the suspended judgment. Following a fact-finding and dispositional hearing, the Family Court found that the mother failed to comply with numerous terms and conditions of the suspended judgment, revoked the suspended judgment, terminated the mother's parental rights, and freed the child for adoption. The mother appeals.
By enacting Family Court Act §§ 631(b) and 633, the legislature vested the Family Court with discretion to give a "second chance" (Matter of Michael B., 80 NY2d 299, 311), in the form of a suspended judgment, to a parent of a "permanently neglected child" (Family Ct Act § 611; Social Services Law § 384-b[7]) before terminating the parent's parental rights (see Matter of Michael B., 80 NY2d at 311; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1283). A suspended judgment may be entered only if it is in the best interests of the child (see Family Ct Act § 631; Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648). It is not intended to be indefinite, but only to afford the parent "a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d at 311). Upon entering an order of disposition suspending [*2]judgment, the Family Court must set forth the duration, terms, and conditions of the suspended judgment (see Family Ct Act § 633[c]).
Once a suspended judgment is entered, the court may revoke the suspended judgment if, after a violation hearing, it finds by a preponderance of the evidence that the parent failed to comply with one or more of its conditions (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008; Matter of Ricky Joseph V., 24 AD3d 683, 684). With regard to the issue of compliance, a parent must demonstrate that progress has been made to overcome the specific problems that led to the removal of the child, and mere attempts to comply with the literal provisions of the suspended judgment are not sufficient (see Matter of Deysanni H. [Deysanna H.], 156 AD3d 699, 700; Matter of Darren V., 61 AD3d 986, 987; Matter of Jennifer VV., 241 AD2d 622, 623).
Here, we agree with the Family Court's finding that a preponderance of the evidence established that the mother failed to comply with several of the conditions set forth in the suspended judgment (see Matter of Deysanni H. [Deysanna H.], 156 AD3d at 700; Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d 813, 814; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d at 1129; Matter of Darren V., 61 AD3d at 987). Further, we agree with the court's finding that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption (see Matter of Charle C. E. [Chiedu E.], 129 AD3d 721, 722).
The mother's remaining contentions are without merit.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court