Matter of Maykel A.R.R. v Lenor C.R.M. (2019 NY Slip Op 03343)





Matter of Maykel A.R.R. v Lenor C.R.M.


2019 NY Slip Op 03343


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-08393
 (Docket No. G-1188-17)

[*1]In the Matter of Maykel A.R.R. (Anonymous), appellant,
v
Lenor C.R.M. (Anonymous), et al., respondents.


Adam Sanders, Cedarhurst, NY, attorney for the child, the appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated May 14, 2018. The order, after a hearing, denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizens and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed, without costs or disbursements.
On January 18, 2017, the child filed a petition pursuant to Family Court Act article 6 to have his cousin appointed his guardian. On October 27, 2017, the child moved for the issuance of an order declaring that he was dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his parents is not viable due to parental neglect, and that it would not be in his best interests to be returned to Guatemala, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizens and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated May 14, 2018, the Family Court denied the child's motion. The child appeals.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "Additionally, for a juvenile to qualify for [SIJS], a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Marvin E. M. de P. [Milagro C. C.Mario Enrique M. G.], 121 AD3d 892, 893; see Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
The record does not support a determination that the child's reunification with one or both of his parents is not viable due to parental abandonment or neglect (see Matter of Ofelia del C.D.F. v Felicia F.M., 167 AD3d 879, 880; Matter of Oscar J.L.J. [Segundo R.L.T.], 151 AD3d 969, [*2]970; Matter of Malkeet S., 137 AD3d 799, 800; Matter of Jeison P.-C. [Conception P.], 132 AD3d 876, 877). Accordingly, we agree with the Family Court's denial of the child's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court