Matter of Claudio D.A.I. (Segundo A.) (2024 NY Slip Op 01301)

Matter of Claudio D.A.I. (Segundo A.)

2024 NY Slip Op 01301

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-04474
 (Docket No. G-9067-21)

[*1]In the Matter of Claudio D. A. I. (Anonymous). Segundo A. (Anonymous), appellant; Maria D. I. L. (Anonymous), respondent.

Montenza Law Firm, P.C., New York, NY (Athena Matos of counsel), for appellant.
Wendy Pelle-Beer, Fresh Meadows, NY, attorney for the child.

DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref.), dated April 5, 2023. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the petitioner's motion which was for a specific finding that the reunification of the subject child with the mother is not viable due to abuse, neglect, and/or abandonment, so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting from the sixth paragraph thereof the phrase beginning with the words "after assisting the child" and ending with the words "life in this country," and substituting therefor the phrase "and due to the Mother's abandonment of the child," and (2) by deleting from the seventh paragraph thereof the phrase "with the assistance of his parents"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed as guardian of the subject child for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Subsequently, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS.
In an order dated April 5, 2023, made after a hearing, the Family Court, among other things, in effect, denied that branch of the petitioner's motion which was for a specific finding that the reunification of the child with the mother is not viable due to abuse, neglect, and/or abandonment. The petitioner appeals.
Here, the Family Court did not grant all of the relief sought in the petitioner's motion, which included a specific finding that reunification of the child with the mother "is not viable due to abuse, neglect and/or abandonment under New York law, as defined by Social Services Law, [*2]Section 384 . . . and Family Court Act § 1012(f), within the meaning of . . . 8 U.S.C. § 1101(a)(27)(J)." In other words, the petitioner's appeal does not relate solely to the language used in the order appealed from. Therefore, contrary to the contention of the child, the petitioner is aggrieved by the order (see Mixon v TBV, Inc., 76 AD3d 144, 156-157; cf. Matter of Josue M.A.P. [Mancia—Lue], 143 AD3d 827, 828).
In making specific factual findings, the Family Court "is not rendering an immigration determination"; rather, "the final decision regarding [SIJS] rests with the federal government, and, as shown, the child must apply to that authority" (Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 109 [internal quotation marks omitted]).
In reviewing a court's determination of a motion for specific findings, "[t]his Court's power to review the evidence is as broad as that of the hearing court, and where . . . the record is sufficiently complete to make our own factual determinations, we may do so" (Matter of Fifo v Fifo, 127 AD3d 748, 751 [internal quotation marks omitted]; see Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753-754). Here, based upon our independent factual review, the record supports a finding that reunification of the child with his mother is not a viable option due to parental abandonment (see Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d 1167, 1170; Matter of Jose E.S.G. [Mejia—Salguero], 193 AD3d 856, 858; Matter of Mohamed B., 83 AD3d 829, 832).
Accordingly, the order should be modified as indicated herein.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court