Matter of Saul E. M. L. v Edmundo M. M. (2025 NY Slip Op 07308)

Matter of Saul E. M. L. v Edmundo M. M.

2025 NY Slip Op 07308

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-01903
 (Docket No. G-5311-23)

[*1]In the Matter of Saul E. M. L. (Anonymous), appellant; 
vEdmundo M. M. (Anonymous), et al., respondents.

Bonnie C. Brennan, New Windsor, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered January 16, 2025. The order, after a hearing, denied the motion of Edmundo M. M. for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(j).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the motion of Edmundo M. M. for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject child with one or both of his parents is not viable due to parental abandonment and that it would not be in the best interests of the subject child to return to Guatemala, his previous country of nationality and last habitual residence.
The subject child commenced this proceeding pursuant to Family Court Act article 6 to have his uncle, Edmundo M. M., appointed as his guardian. Edmundo M. M. subsequently moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigration juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The Family Court, after a hearing, granted the guardianship petition, but in an order entered January 16, 2025, the court denied the motion for the issuance of an order, among other things, making specific findings, determining that, although the child was under 21 years of age, unmarried, and dependent on the Family Court, the evidence did not demonstrate that reunification with one or both parents was not viable due to abuse, neglect, abandonment, or a similar basis. The child appeals from the order entered January 16, 2025.
"'Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-147, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court'" (Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 753, quoting Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "'Additionally, for a juvenile to qualify for [*2]special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence'" (id., quoting Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; see 8 USC § 1101[a][27][J]; 8 CFR 204.11).
"In reviewing a court's determination of a motion for specific findings, '[t]his Court's power to review the evidence is as broad as that of the hearing court, and where . . . the record is sufficiently complete to make our own factual determinations, we may do so'" (Matter of Claudio D.A.I. [Segundo A.—Maria D.I.L.], 225 AD3d 688, 689, quoting Matter of Fifo v Fifo, 127 AD3d 748, 751). Here, based upon our independent factual review, the record supports a finding that reunification of the child with his parents is not viable due to parental abandonment (see id.; Matter of Khan v Shahida Z., 184 AD3d 506, 506-507). Further, the record supports a finding that it would not be in the best interests of the child to return to Guatemala, his previous country of nationality or country of last habitual residence (see Matter of Euceda v Romero, 233 AD3d 680, 682; Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d at 754).
Accordingly, the Family Court should have granted the motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for SIJS.
In light of our determination, we need not reach the child's remaining contention.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court