■ In the Matter of Nirmal S., Appellant, v Rajinder K. et al., Respondents. [956 NYS2d 545]—

Nirmal S., the guardian of the subject child, Ranjeet S., moved for the issuance of an order making specific findings that would allow Ranjeet to apply to the United States Citizenship and Immigration Services for special immigrant juvenile status, a gateway to lawful permanent residency in the United States (*see Matter of Sing W.C. [Sing Y.C.—Wai M.C.]*, 83 AD3d 84, 86 [2011]). Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a State or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, or abandonment, or a similar basis found under State law (*see* 8 USC § 1101 [a] [27] [J] [i]), and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]).

Here, following a hearing, the Family Court issued an order finding that Ranjeet was under 21 years of age, unmarried, and dependent on the Family Court. The court further found that it would not be in Ranjeet's best interest to return to his native country of India. It also found, however, that it had not been established that Ranjeet's reunification with one or both of his parents was not viable due to parental abuse, neglect, or abandonment, or a similar basis found under State law. Upon our independent factual review, we find that, contrary to the appellant's contention, the record supports the Family Court's determination as to reunification. Although Ranjeet testified that he was beaten by members of his father's opposing political party while attending political rallies, the record reveals that he attended the rallies against his parents' wishes. Moreover, Ranjeet arranged his own passage to the United States, and he speaks to his parents on a weekly basis by phone.

In light of our determination, we need not reach the appel-

lant's remaining contentions. Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.