■ In the Matter of MARIA S.Z., Appellant, v MARIA M.A. et al., Respondents. [982 NYS2d 546]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Aaron, J.), dated July 2, 2013, which, without a hearing, denied her motion for the issuance of an order declaring that the subject child, Francisco B.V.A., is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interests to be returned to his previous country of nationality or last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J), and dismissed the guardianship petition.

Ordered that the order is affirmed, without costs or disbursements.

In June 2013, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed guardian of her brother, Francisco B.V.A. (hereinafter the child), who was then under 21 years old, for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his parents is not viable due to abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SIJS. In an order dated July 2, 2013, the Family Court denied the motion and dismissed the guardianship petition.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. "The 'appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court' for special immigrant juvenile status purposes" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010], quoting *Matter of Antowa McD.*, 50 AD3d 507 [2008]). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795 [citations omitted]).

Upon our independent factual review, we find that, contrary to the petitioner's contention, the record does not support a determination that the child's reunification with one or both of his parents was not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see Matter of Nirmal S. v Rajinder K.*, 101 AD3d 1130 [2012]).

The petitioner's remaining contentions either need not be ad-

dressed in light of our determination, are without merit, or are not properly before this Court. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.