■ In the Matter of MARVIN E.M. DE P. MILAGRO C.C., Appellant; MARIO ENRIQUE M.G. et al., Respondents. [994 NYS2d 377]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Stack, J.H.O.), dated November 26, 2013, which, upon the granting of the petition in an order dated June 11, 2013, and after a hearing, denied her motion for the issuance of an order making special findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order dated November 26, 2013, is affirmed, without costs or disbursements.

In March 2013, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed guardian of her nephew, Marvin E. M. de P. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his parents is not viable due to abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SIJS. After a hearing, the Family Court determined that the child was under 21 years of age, unmarried, dependent on the Family Court, and that it would not be in his best interests to return to El Salvador. However, the court denied the petitioner's motion on the ground that she failed to show that reunification of the child with his parents was not viable.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a

state or juvenile court. The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court for special immigrant juvenile status purposes (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]; *Matter of Antowa McD.*, 50 AD3d 507 [2008]). Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence (*see Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Upon our independent factual review, we find that, contrary to the petitioner's contention, the record supports the Family Court's determination as to reunification (*see Matter of Mira v Hernandez*, 118 AD3d 1008 [2014]; *Matter of Maria S.Z. v Maria M.A.*, 115 AD3d 970 [2014]; *Matter of Nirmal S. v Rajinder K.*, 101 AD3d 1130 [2012]).

The petitioner's remaining contentions either are without merit or are not properly before this Court. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.