■ In the Matter of MIGUEL A.G.G. MILTON N.G.G., Appellant. [6 NYS3d 608]—

Appeal from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated April 16, 2014. The order, after a hearing, in effect, denied the petitioner's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In February 2014, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed guardian of his brother, Miguel A.G.G. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his parents is not viable due to abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so to enable the child to petition for SIJS. Following a hearing, the Family Court determined that the child was under 21 years of age, unmarried, and dependent on the Family Court, and that it would not be in his best interests to return to El Salvador. However, the court, in effect, denied the motion on the ground that the petitioner failed to show that reunification of the child with his parents was not viable.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent

upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court for SIJS purposes (*see Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d 892, 892-893 [2014]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]; *Matter of Antowa McD.*, 50 AD3d 507 [2008]). Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under state law, and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see Matter of Mira v Hernandez*, 118 AD3d 1008, 1009 [2014]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, the record reflects that the child was living with his parents in El Salvador, and that he traveled with them to the United States in 2012. The child continued to live with his parents until September 2013, when he voluntarily left his parents' basement apartment to live with the petitioner. The child averred that he left his parents' residence because it was "uncomfortable." Thereafter, the child continued to see his parents, albeit infrequently. Contrary to the petitioner's contention, the record does not support a determination that the child's reunification with one or both of his parents was not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d at 893; *Matter of Mira v Hernandez*, 118 AD3d at 1009; *Matter of Maria S.Z. v Maria M.A.*, 115 AD3d 970, 971 [2014]; *Matter of Nirmal S. v Rajinder K.*, 101 AD3d 1130, 1131 [2012]).

The petitioner's remaining contentions either need not be addressed in light of our determination or are without merit. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.