■ In the Matter of Leslie J.D. Maria A.A.G., Appellant; Sylvia D. et al., Respondents. [26 NYS3d 129]—

Appeal from an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated April 1, 2015. The order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In July 2014, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of Leslie J.D. (hereinafter the child). The purpose in seeking guardianship of the child was to obtain an order declaring that the child was dependent on the Family Court with specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents was not viable due to abandonment, and that it would not be in her best interests to be returned to Belize, her previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SIJS. In an order dated December 1, 2014, the Family Court granted the guardianship petition. In the order appealed from, the Family Court found, after a hearing, that the child was under 21 years of age, unmarried, dependent on the Family Court, and that it would not be in her best interests to return to Belize, but that reunification of the child "with one or both of her parents is a viable option."

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court for SIJS purposes (see Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 892-893 [2014]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]). Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or

both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under state law, and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see Matter of Mira v Hernandez, 118 AD3d 1008, 1009 [2014]; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

The Family Court erred with respect to the element of "reunification." The law does not require a finding that reunification with neither of the child's parents is viable, but that reunification with one or both of the child's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Haide L.G.M. v Santo D.S.M., 130 AD3d 734, 736 [2015]).

Nevertheless, upon our independent factual review, we find that, contrary to the petitioner's contention, the record does not support a determination that the child's reunification with one or both of her parents was not viable due to abandonment (see Matter of Miguel A.G.G. [Milton N.G.G.], 127 AD3d 858, 859 [2015]; Matter of Mira v Hernandez, 118 AD3d at 1009; Matter of Maria S.Z. v Maria M.A., 115 AD3d 970, 971 [2014]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.