■ In the Matter of MALKEET S., Appellant. HARJIT SINGH, Petitioner; MOHINDER KAUR et al., Respondents. [26 NYS3d 330]—

Appeal from an order of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), dated November 6, 2014. The order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child, Malkeet S., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In March 2014, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of his relative Malkeet S. (hereinafter the child). Thereafter, the petitioner moved for the issuance of an order declaring that Malkeet S. is dependent on the Family Court and making special findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to India, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Following a hearing, in an order dated November 6, 2014, the Family Court granted the guardianship petition, and in a separate order, also dated November 6, 2014, the court denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court for special immigrant juvenile status purposes (see Matter of Miguel A.G.G. [Milton N.G.G.], 127 AD3d 858, 859 [2015]; Matter of Trudy-Ann W. v Joan W., 73

AD3d 793, 795 [2010]). Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

Upon our independent factual review, we find that, contrary to the petitioner's contention, the record does not support a determination that reunification with one or both of the child's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law, nor that it would not be in the child's best interests to be returned to India (see Matter of Miguel A.G.G. [Milton N.G.G.], 127 AD3d at 859; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 893 [2014]). Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.