In the Matter of FREDY L.M.M. Norma M.M., Appellant; CONCEPCION M.M. et al., Respondents. [30 NYS3d 168]—

Appeal from an order of the Family Court, Queens County (Nicolette M. Pach, J.H.O.), dated July 27, 2015. The order, after a hearing, in effect, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child, Fredy L.M.M., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In October 2014, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed guardian of her brother, Fredy L.M.M. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with

one or both of his parents is not viable due to parental abandonment or neglect, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. Following a hearing, the Family Court determined, inter alia, that the child was under 21 years of age, unmarried, and dependent on the Family Court, and that it would not be in his best interests to be returned to El Salvador. However, the court, in effect, denied the motion on the ground that the petitioner failed to establish that reunification of the child with one or both of his parents was not viable due to parental abuse, neglect, abandonment, or similar circumstances.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

Contrary to the petitioner's contention, the record does not support a determination that reunification of the child with one or both of his parents is not viable due to parental neglect or abandonment (see Matter of Jeison P.-C. [Conception P.], 132 AD3d 876 [2015]; Matter of Mira v Hernandez, 118 AD3d 1008 [2014]; Matter of Maria S.Z. v Maria M.A., 115 AD3d 970 [2014]).

The petitioner's remaining contention is without merit.

Accordingly, the Family Court properly, in effect, denied the

petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.