■ In the Matter of LESLIE J.D. MARIA A.A.G., Appellant; SYLVIA D. et al., Respondents. [35 NYS3d 205]—

Appeal from an order of the Family Court, Nassau County (Thomas Rademaker, J.), dated November 12, 2015. The order denied the petitioner's motion, in effect, for leave to renew her prior motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child, Leslie J.D., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In July 2014, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of Leslie J.D. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abandonment, and that it would not be in her best interests to be returned to Belize, her previous country of nationality and last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated April 1, 2015, made after a hearing, the Family Court determined, inter alia, that the child was under 21 years of age, unmarried, and dependent on the Family Court, and that it would not be in her best interests to be returned to Belize. However, the court denied the petitioner's motion on the ground that reunification of the child "with one or both of her parents is a viable option."

While the petitioner's appeal from the order dated April 1, 2015, was pending, the petitioner moved, in effect, for leave to renew her prior motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. In an order dated November 12, 2015, the Family Court denied that motion.

Thereafter, in a decision and order dated February 17, 2016, this Court affirmed the order dated April 1, 2015, determining that, although the Family Court erred with respect to its interpretation of the element of "reunification," upon this Court's independent factual review, the record did not support a determination that the child's reunification with one or both of her parents was not viable due to abandonment (see Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d 902, 904 [2016]).

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an

individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, the record before the Family Court on the petitioner's motion, in effect, for leave to renew, does not support a determination that reunification of the child with one or both of her parents is not viable due to parental abandonment (*see Matter of Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858, 859 [2015]; *Matter of Maria S.Z. v Maria M.A.*, 115 AD3d 970, 971 [2014]). The new facts offered on the subject motion would not change the prior determination (*see* CPLR 2221 [e] [2]).

Accordingly, the Family Court properly denied the petitioner's motion, in effect, for leave to renew her prior motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.