■ In the Matter of GLENDA YANETH DEL CID MARTINEZ, Appellant, v JESUS MARTINEZ, Respondent. [42 NYS3d 39]—

Appeal by the mother from an order of the Family Court, Nassau County (Edmund M. Dane, J.), dated March 14, 2016. The order, after a hearing, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In September 2013, the mother filed a petition pursuant to Family Court Act article 6 seeking sole custody of the subject child for the purpose of obtaining an order, inter alia, making specific findings that the child is unmarried and under 21 years of age, that reunification with his father is not viable due to parental neglect or abandonment, and that it would not be in his best interests to be returned to Honduras, his country of nationality, so as to enable him to petition the United States

Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). The mother moved for the issuance of an order making the requisite declaration and specific findings to enable the child to petition for SIJS. In an order dated March 14, 2016, made after a hearing, the Family Court denied the motion.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Contrary to the mother's contention, the record does not support a determination that the child's reunification with his father is not viable due to parental neglect or abandonment (see *Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.]*, 140 AD3d 1162 [2016]; *Matter of Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858, 859 [2015]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d 892 [2014]).

The mother's remaining contentions are without merit.

Accordingly, the Family Court properly denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.