■ In the Matter of NELSON R.N.C., Appellant, v MARIA G.V.P. et al., Respondents. JENIFER B.N.V., Nonparty Appellant. [47 NYS3d 92]—

Appeals by Nelson R.N.C. and Jenifer B.N.V. from two orders of the Family Court, Orange County (Christine P. Krahulik, J.), both dated March 25, 2016. The first order granted a petition to appoint Nelson R.N.C. as guardian of Jenifer B.N.V. The second order, after a hearing, denied Jenifer B.N.V.'s motion for the issuance of an order, inter alia, making specific findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the appeal from the first order is dismissed, without costs or disbursements, as the appellants are not aggrieved by that order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the appeal by Nelson R.N.C. from the second order is dismissed, without costs or disbursements, as he is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the second order is affirmed on the appeal by Jenifer B.N.V., without costs or disbursements.

In November 2014, Nelson R.N.C. (hereinafter the petitioner) filed a petition pursuant to Family Court Act article 6 to be appointed guardian of Jenifer B.N.V. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abandonment and neglect, and that it would not be in her best interests to be returned to Ecuador, her previous country of nationality and country of last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable her to petition for SIJS. In an order dated March 25, 2016, the Family Court granted the guardianship petition, and in a separate order, also dated March 25, 2016, the court denied the child's motion.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the

juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Contrary to the child's contention, the record does not support a determination that her reunification with one or both of her parents is not viable due to parental neglect or abandonment (see *Matter of Del Cid Martinez v Martinez*, 144 AD3d 905 [2016]; *Matter of Jasbir S. [Dayal S.—Gurdev S.]*, 138 AD3d 750 [2016]; *Matter of Malkeet S.*, 137 AD3d 799 [2016]; *Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.]*, 136 AD3d 902 [2016]).

Accordingly, the Family Court properly denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable her to petition for SIJS. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.