In the Matter of ANGEL R.L.G., Petitioner, v PAULA J.P.C. et al., Respondents. ESVIN A.G.P., Nonparty Appellant. [47 NYS3d 110]—

Appeal by the nonparty child from an order of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), dated February 18, 2016. The order, after a hearing, denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to Family Court Act article 6, the child sought to have his brother-in-law, Angel R.L.G. (hereinafter Angel), appointed his guardian for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to abuse, abandonment, or neglect, and that it would not be in his best interests to be returned to Guatemala, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition for SIJS. Following a hearing, the Family Court determined, inter alia, that the child was under 21 years

of age, unmarried, and dependent on the Family Court, but denied the motion on the ground that the child failed to establish that reunification of the child with one or both of his parents was not viable due to parental abuse, neglect, abandonment, or similar circumstances.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under State law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 893 [2014]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d at 893; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

Contrary to the child's contention, the record does not support a determination that his reunification with one or both of his parents is not viable due to parental neglect, abuse, or abandonment (see Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d 902, 904 [2016]; Matter of Jeison P.-C. [Conception P.], 132 AD3d 876, 877 [2015]; Matter of Miguel A.G.G. [Milton N.G.G.], 127 AD3d 858, 859 [2015]).

In light of our determination, the child's remaining contention need not be reached.

Accordingly, the Family Court properly denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.