██ In the Matter of CHRISTIAN P.S.-A. HUMBERTO R.S.-B., Appellant; LAURA S.A.-C., Respondent. [49 NYS3d 546]—

Appeal by the father from an order of the Family Court, Queens County (Nicolette M. Pach, J.H.O.), dated June 13, 2016. The order, after a hearing, in effect, denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed, without costs or disbursements.

In July 2015, the father filed a petition pursuant to Family

Court Act article 6 to be appointed guardian of his son, Christian P.S.-A. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to abandonment or neglect, and that it would not be in his best interests to be returned to Ecuador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the father moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. Following a hearing, the Family Court found that the child was under 21 years of age, unmarried, and dependent on the Family Court, and that it would not be in his best interests to be returned to Ecuador. However, the court, in effect, denied the motion on the ground that the father failed to establish that reunification of the child with one or both of his parents was not viable due to parental abuse, neglect, abandonment, or similar circumstances. The father appeals.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d 892, 893 [2014]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d at 893; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Here, the record reflects that the child was living with his

parents in Ecuador in a three-bedroom home and attending a private school. However, starting in the ninth grade, he exhibited behavioral problems, he associated with gang members, and his academic performance was poor. According to the child, when he was in the 11th grade, his father was making plans to travel to the United States, and his mother, who was upset at his behavior, told him that he would no longer be able to attend the private school and would have to get a job to support himself. The father agreed to take the child with him to the United States, so the child continued to reside in his parents' home until he traveled to the United States with his father.

Contrary to the father's contention, the record does not support a determination that reunification of the child with one or both of parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*see Matter of Nelson R.N.C. v Maria G.V.P.*, 147 AD3d 824 [2d Dept 2017]; *Matter of Del Cid Martinez v Martinez*, 144 AD3d 905 [2016]; *Matter of Jasbir S. [Dayal S.—Gurdev S.]*, 138 AD3d 750 [2016]; *Matter of Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858 [2015]).

Accordingly, the Family Court properly, in effect, denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.