■ In the Matter of GORAN S., Appellant. [58 NYS3d 553]—

Appeal by the child from an order of the Family Court, Queens County (Nicolette M. Pach, J.H.O.), dated May 17, 2016. The order, insofar as appealed from, upon reargument and renewal, after a hearing, in effect, adhered to so much of an original determination in an order dated April 4, 2016, denying that branch of his motion which was for a specific finding that reunification with one or both biological parents was not viable due to parental abuse, neglect, or abandonment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In January 2015, the grandmother of the subject child, Goran S., commenced this proceeding pursuant to Family Court Act article 6 to be appointed the guardian of the child for the purpose of obtaining an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both parents is not viable due to parental abuse, ne-

glect, or abandonment, and that it would not be in his best interests to be returned to Serbia, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition for SIJS. In an order dated April 4, 2016, after a hearing, the Family Court denied the motion for the issuance of an order of specific findings, concluding that the child was under 21, unmarried, dependent on the Family Court, and that it was not in his best interests to be returned to Serbia, but that the evidence did not establish that reunification of the child with one or both parents was not viable due to parental abuse, neglect, or abandonment.

Thereafter, the child moved by order to show cause for leave to renew and reargue that branch of his prior motion which was for a specific finding that reunification with one or both of his biological parents was not viable due to parental abuse, neglect, or abandonment. The Family Court granted leave to renew and reargue. In an order dated May 17, 2016, after a hearing at which both the child and the grandmother testified, the Family Court, inter alia, in effect, adhered to so much of its original determination as denied that branch of the child's motion which was for a specific finding that reunification with one or both parents was not viable due to parental abuse, neglect, or abandonment. The child appeals.

"Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a 'special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (*Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (*Matter of Marvin E.M. de P. [Milagro C.C.— Mario Enrique M.G.]*, 121 AD3d 892, 893 [2014]; *see Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]).

Here, the record does not support a determination that reunification of the child with one or both of his parents is not viable due to parental abuse neglect, abandonment, or a similar basis found under State law. Although the Family Court should not have refused to consider evidence of circumstances which occurred after the child's 18th birthday (*see Matter of Sing W.C. [Sing Y.C.—Wai M.C.]*, 83 AD3d 84, 90-91 [2011]), even taking such evidence into account, and considering the psychological stress occasioned by his parents' divorce, the child failed to prove that his reunification with one or both parents was not viable due to parental abuse, neglect, or abandonment (*see Matter of Christian P.S.-A. [Humberto R.S.-B.—Laura S.A.-C.]*, 148 AD3d 1032 [2017]; *Matter of Nelson R.N.C. v Maria G.V.P.*, 147 AD3d 824 [2017]; *Matter of Del Cid Martinez v Martinez*, 144 AD3d 905 [2016]; *Matter of Jasbir S. [Dayal S.—Gurdev S.]*, 138 AD3d 750 [2016]; *Matter of Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858 [2015]). Accordingly, the Family Court properly, in effect, adhered to so much of its original determination as denied that branch of the child's motion which was for a specific finding that reunification with one or both parents was not viable due to parental abuse, neglect, or abandonment. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.