Matter of Karnail S. v Malkit K. (2018 NY Slip Op 05051)





Matter of Karnail S. v Malkit K.


2018 NY Slip Op 05051


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-09866
 (Docket No. G-21576-15)

[*1]In the Matter of Karnail S. (Anonymous), petitioner,
v
Malkit K. (Anonymous), et al., respondents; Harmanpreet S. (Anonymous), nonparty-appellant.


Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child, the nonparty-appellant Harmanpreet S.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the child appeals from an order of the Family Court, Queens County (Lauren Norton Lerner, Ct. Atty. Ref.), dated August 21, 2017. The order, after a hearing, denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed, without costs or disbursements.
In November 2015, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child, Harmanpreet S. (hereinafter the child). Thereafter, the child moved for the issuance of an order declaring that he is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abandonment, and that it would not be in his best interests to be returned to India, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizen and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated April 13, 2017, the Family Court, after a hearing, granted the guardianship petition, and in a separate order dated August 21, 2017, the court denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. The child appeals from the order dated August 21, 2017.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). The appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court for SIJS purposes (see Matter of Malkeet S., 137 AD3d 799, 799; Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d 902, 903). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the [*2]juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 893; see Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; see also 8 USC § 1101[a][27][J]; 8 CFR 204.11[c][6]).
Upon our independent factual review, the record does not support a determination that reunification with one or both of the child's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law, or that it would not be in the child's best interests to be returned to India (see Matter of Malkeet S., 137 AD3d at 800; Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d at 904; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d at 893).
The child's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court