Matter of Isidro M. C. v Teodolinda G. D. M. (2018 NY Slip Op 05035)





Matter of Isidro M. C. v Teodolinda G. D. M.


2018 NY Slip Op 05035


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-02057
 (Docket No. G-2663-17)

[*1]In the Matter of Isidro M. C. (Anonymous), petitioner- appellant, 
v
Teodolinda G. D. M. (Anonymous), respondent; Cindy M. G. (Anonymous), nonparty-appellant.


Craig Relles, White Plains, NY (Steven N. Haskos of counsel), for petitioner-appellant.
Harvey A. Eilbaum, New City, NY (Nicole DiGiacomo on the brief), for nonparty-appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals, and the subject child separately appeals, from an order of the Family Court, Rockland County (Rachel E. Tanguay-McGuane, J.), dated December 5, 2017. The order, after a hearing, denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed, without costs or disbursements.
In September 2017, the father commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of Cindy M. G. (hereinafter the child). Thereafter, the father moved for the issuance of an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abandonment or neglect, and that it would not be in her best interests to be returned to El Salvador, her previous country of nationality and last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Following a hearing, in an order dated November 27, 2017, the Family Court granted the guardianship petition, but in a separate order dated December 5, 2017, the court denied the father's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). The appointment [*2]of a guardian constitutes the necessary declaration of dependency on a juvenile court for SIJS purposes (see Matter of Malkeet S., 137 AD3d 799, 799; Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d 902, 903). "Additionally, for a juvenile to qualify for [SIJS], a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 893; see Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; see also 8 USC § 1101[a][27][J]; 8 CFR 204.11[c][6]).
Upon our independent factual review, we find that, contrary to the contentions of the father and the child, the record does not support a determination that reunification with the mother is not viable due to parental neglect or abandonment (see Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d at 904; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d at 893; cf. Matter of Dennis X.G.D.V., 158 AD3d 712, 714; Matter of Nelson A.G.-L. [Maria Y.G.S.], 157 AD3d 789, 791).
The father's remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court