Matter of Ofelia del C.D.F. v Felicia F.M. (2018 NY Slip Op 08648)





Matter of Ofelia del C.D.F. v Felicia F.M.


2018 NY Slip Op 08648


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-04891
 (Docket No. G-2674-17)

[*1]In the Matter of Ofelia del C. D. F. (Anonymous), appellant, 
v
Felicia F. M. (Anonymous), et al., respondents.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated April 2, 2018. The order, without a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed, without costs or disbursements.
In March 2017, Ofelia del C. D. F. (hereinafter the petitioner) commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of her brother, Jaime A. D. F. (hereinafter the child). In March 2018, the petitioner moved for the issuance of an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with his father is not viable due to parental abandonment or neglect, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated April 2, 2018, the Family Court denied the petitioner's motion. The petitioner appeals from that order.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 U.S. Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [citations omitted]).
Contrary to the petitioner's contention, the record does not support a determination that the child's reunification with his father is not viable due to parental abandonment or neglect (see Matter of Oscar J.L.J. [Segundo R.L.T.], 151 AD3d 969, 970; Matter of Jasbir S. [Dayal S.-Gurdev [*2]S.], 138 AD3d 750, 751; Matter of Leslie J.D. [Maria A.A.G.-Sylvia D.], 136 AD3d 902, 904). Accordingly, we agree with the Family Court's denial of the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court