Matter of Leslie J.D. (Maria A.A.G.--Silvia D.) (2018 NY Slip Op 08930)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Leslie J.D. (Maria A.A.G.--Silvia D.)

2018 NY Slip Op 08930

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-04257
(Docket No. G-8801-14)

[*1]In the Matter of Leslie J.D. (Anonymous). Maria A.A.G. (Anonymous), appellant; Silvia D. (Anonymous), et al., respondents.

Bruno J. Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Tammy S. Robbins, J.), dated March 2, 2018. The order denied the petitioner's motion, in effect, for leave to renew her prior motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child, Leslie J. D., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J), which had been denied in an order of the same court (Elaine Jackson Stack, J.H.O.) dated April 1, 2015.
ORDERED that the order dated March 2, 2018, is affirmed, without costs or disbursements.
In July 2014, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of Leslie J. D. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable the child to petition for special immigrant juvenile status (hereinafer SIJS) pursuant to 8 USC § 1101(a)(27)(J). Although the Family Court awarded guardianship of the child to the petitioner, in an order dated April 1, 2015 (hereinafter the April 2015 order), the court, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. In a decision and order dated February 17, 2016, this Court affirmed the April 2015 order (see Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d 902, 904).
Prior to the issuance of this Court's decision and order affirming the April 2015 order, the petitioner moved in the Family Court, in effect, for leave to renew her prior motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. In an order dated November 12, 2015, the Family Court denied that motion. This Court affirmed that determination (see Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 140 AD3d 1162, 1164).
In January 2018, the petitioner again moved, in effect, for leave to renew her prior motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. The petitioner included an affidavit from the child in her motion papers. In an order dated March 2, 2018, the Family Court denied that motion. The petitioner appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). Here, the child's affidavit in support of the motion did not address why the petitioner previously failed to submit the purported new facts asserted in the affidavit, which existed and were known by the child at the time of the original motion (see CPLR 2221[e][3]). Since the child's affidavit also did not indicate that her testimony in the initial hearing was mistaken, assert that her relationship with the parents had changed after the time of the hearing, or otherwise explain inconsistencies between her prior testimony and the affidavit, the petitioner failed to show how such facts would change the prior determination (see CPLR 2221[e][2]; Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 140 AD3d at 1164).
Accordingly, we agree with the Family Court's determination denying the petitioner's motion, in effect, for leave to renew her prior motion.
The petitioner's remaining contention is raised for the first time on appeal and is not properly before this Court.
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court