■ In the Matter of DIMAS A., Appellant, v ESMIRNA E.L. et al., Respondents. [38 NYS3d 570]—

Appeals by the petitioner from two orders of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), both dated August 13, 2015. The first order, upon the filing of a petition pursuant to Family Court Act article 6 to appoint the petitioner as the subject child's guardian, and after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The second order dismissed the guardianship petition.

Ordered that the orders are affirmed, without costs or disbursements.

In June 2014, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of Lilibeth M.A. (hereinafter the child). The purpose for seeking guardianship was to obtain an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental neglect, and that it would not be in her best interests to be returned to Guatemala, her previous country of nationality and last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the

requisite declaration and specific findings so as to enable the child to petition for SIJS. In two orders dated August 13, 2015, the Family Court denied the motion and dismissed the guardianship petition, respectively.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Upon our independent factual review, we find that, contrary to the petitioner's contention, the record does not support a determination that the child's reunification with one or both of her parents was not viable due to parental neglect (*see Matter of Miguel A.G.G. [Milton N.G.G.]*, 127 AD3d 858, 859 [2015]; *Matter of Nirmal S. v Rajinder K.*, 101 AD3d 1130 [2012]).

The petitioner's remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Family Court properly denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS, and dismissed the guardianship petition. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.