Matter of Rosa A. R. A. v Jose O. R. (2019 NY Slip Op 05526)





Matter of Rosa A. R. A. v Jose O. R.


2019 NY Slip Op 05526


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-01963
2019-01964
 (Docket No. G-3292-18)

[*1]In the Matter of Rosa A. R. A. (Anonymous), appellant,
v
Jose O. R. (Anonymous), et al., respondents.


Yvette Aguiar, Rockville Centre, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from two orders of the Family Court, Nassau County (Ellen R. Greenberg, J.), both dated January 14, 2019. The first order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J). The second order dismissed the guardianship petition.
ORDERED that the orders are affirmed, without costs or disbursements.
In April 2018, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed the guardian of Oscar A. R. M. (hereinafter the child). The purpose for seeking guardianship was to obtain an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect or abandonment, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In two orders dated January 14, 2019, the Family Court denied the motion and dismissed the guardianship petition, respectively.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). "Additionally, for a juvenile to qualify for [SIJS], a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Marvin E. M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 893; see Matter of Maria P.E.A. [*2]v Sergio A.G.G., 111 AD3d 619, 620; see also 8 USC § 1101[a][27][J]; 8 CFR 204.11[c][6]).
Upon our independent factual review, we find that, contrary to the petitioner's contention, the record does not support a determination that the child's reunification with one or both of his parents is not viable due to parental neglect or abandonment (see Matter of Isidro M.C. v Teodolinda G.D.M., 163 AD3d 556, 557; Matter of Dimas A. v Esmirna E.L., 142 AD3d 1164, 1164-1165; Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 140 AD3d 1162, 1164; Matter of Malkeet S., 137 AD3d 799, 799).
The petitioner's remaining contentions need not be addressed in light of our determination.
Accordingly, we agree with the Family Court's determination to deny the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS, and to dismiss the guardianship petition.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court