524

Appeal by the child from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated July 22, 2016. The order, insofar as appealed from, after a hearing, denied her motion for the issuance of an order, inter alia, making specific findings so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In May 2015, Maria L.R. (hereinafter the petitioner) filed a petition pursuant to Family Court Act article 6 to be appointed as guardian for Amsi H.D.O. (hereinafter the child) for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental abandonment, and that it would not be in her best interests to be returned to Mexico, her previous country of nationality and country of last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable her to petition for SIJS. In an order dated July 22, 2016, the Family Court, inter alia, denied the child's motion for the issuance of such an order.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101 [a] [27] [J] [i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620 [2013]; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be

returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).

Contrary to the child's contention, the record does not support a determination that her reunification with one or both of her parents is not viable due to parental abandonment (see Matter of Jasbir S. [Dayal S.—Gurdev S.], 138 AD3d 750 [2016]; Matter of Malkeet S., 137 AD3d 799 [2016]; Matter of Leslie J.D. [Maria A.A.G.—Sylvia D.], 136 AD3d 902 [2016]). Accordingly, the Family Court properly denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable her to petition for SIJS. Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.

