Matter of M.U.D. v Carlos T.C.B. (2023 NY Slip Op 06248)

Matter of M.U.D. v Carlos T.C.B.

2023 NY Slip Op 06248

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2023-03635
2023-03772
 (Docket No. G-10234-21)

[*1]In the Matter of M.U.D. (Anonymous), appellant,
v
Carlos T.C.B. (Anonymous), respondent.

Bruno J. Bembi, Hempstead, NY, for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from two orders of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref), both dated April 6, 2023. The first order, after a hearing, appointed the petitioner as the guardian of the subject child. The second order, after a hearing, in effect, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the appeal from the first order is dismissed, without costs or disbursements, as the petitioner is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the second order is affirmed, without costs or disbursements.
In May 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child. Thereafter, the petitioner moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated April 6, 2023, the Family Court, after a hearing, granted the guardianship petition, and in a separate order also dated April 6, 2023, the court, in effect, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. The petitioner appeals.
For a juvenile to qualify for SIJS, a court must find, inter alia, "that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law" (Matter of Joel A.A.R. [Sara I.R.T.—Eddy A.A.G.], 216 AD3d 1167, 1168).
Here, contrary to the petitioner's contention, the record does not support a finding that reunification with the child's father is not viable due to parental abandonment or neglect (see Matter of Karnail S. v Malkit K., 163 AD3d 581; Matter of Amsi H.D.O. [Maria L.R.—Cesiah O.D.], 152 AD3d 524). Accordingly, the Family Court properly, in effect, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court